FELIX TORRES, JR.
P.O. BOX 8065
LAGUNA HILLS, CA 92654
TELEPHONE: 650-906-1346
Email: boalt77@yahoo.com

**Filed**

APR 1 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| FELIX TORRES, JR., <br><br> A former member of the State Bar of California <br><br><br>          Plaintiff, <br><br>     vs. <br><br> THE STATE BAR OF CALIFORNIA; THE BOARD OF GOVERNORS OF THE STATE BAR, individually and in their official capacities; THE STATE BAR JOURNAL; Dean Kinley, *Publisher;*Nancy McCarthy, *Editor & General Manager;* Kristina Horton Flaherty, *Staff Writer;*David Cunningham, *Production Coordinator* Kathleen Beitiks, *Web Editor;*Diane Curtis, *Staff Writer; all* individually and official capacities; **Laurence F. Haines** and DOES 1-10, Inclusive. <br><br>          Defendants | **Case No. C08-80066 JW** <br><br> **FIRST AMENDED COMPLAINT** FOR INJUNCTION AND DECLARATORY RELIEF AND STATE TORT CLAIMS <br><br> JURY DEMAND |

# INTRODUCTION

1. PLAINTIFF hereby submits his complaint and who is subjected or will be subject to slander, libel, being presented in a false light, misrepresentation, via present scheme of defendants to post on its web site a false pdf/word file of the disciplinary proceeding disbarring Plaintiff. The State Bar of California provides an <u>Attorney Search</u> feature on their web site. These records display the attorney's history from admission to the State Bar to the present. The State Bar monthly Journal will also post a summary of the pdf/word file of disbarment in its May 2008 issue. Plaintiff has requested the defendant Bar to stop the posting and they have not.

2. Plaintiff contends that his disciplinary record that appears on the California Bar's website violates his "constitutional right to privacy" as a Public citizen (i.e. his name has been stricken from the rolls of attorneys licensed to practice in California and thus is no longer a member of the Bar), infringes his right to confidentiality and autonomy.

3. Plaintiff furthermore, contends that by making his disciplinary record (e.g. pdf/word file of the Order of disbarment) available in response to a members search without giving him a chance to review or comment on that "file", defendants violated his procedural and substantive due process rights.

4. Plaintiff also contends that the posting constitutes a prior restraint prohibited by the First Amendment and maintaining the posting violates substantive due process because it was posted pursuant to a conspiracy designed to destroy [his] reputation and ability to make a living in that defendants are accused of intentional interference with a contractual dealings in business employment relationship between plaintiff and potential employers e.g. in the field of Wealth Management i.e. banking recruiters have informed Plaintiff that background checks are done on all senior level positions and that the posting on the Bar web site "closes" all doors to gainful employment.

5. And finally, Plaintiff maintains that the posting violates the Equal Protection Clause because the California Bar only posts the records of disciplinary proceedings (Orders in pdf/word files occurring after 2005) on its website as to some attorneys and not others, a majority of which are lawyers of color.

## JURISDICTION AND VENUE

6. This matter arises under the Constitution and laws of the United States, specifically the Fifth, Eight and Fourteenth Amendments to the Constitution of the Unites States and 42 USC sections 1983, 1985(3), 1986 and 1988.

7. This Court has jurisdiction of this case pursuant is 28 USC Section 1343(3), for violation of 1871 Civil Rights Enforcement Act, as amended, including 42 USC section 1983, 1985(3), 1986 and 1988, and sections 1331 and 1367(a).  Plaintiff

FIRST AMENDED COMPLAINT FOR PROSPECTIVE RELIEF 3

further invokes the pendent jurisdiction of this Court to consider claims arising under state law.

8. The claims made in this action arose within this judicial district. Venue is proper in this judicial district pursuant to 28 USC 1391(b).

**DEFENDANTS:**

9. With more than 202,000 members (January 2006), The State Bar of California (hereinafter Bar) is one of the largest state bars in the country. More than 150,000 State Bar members actively practice law in California, while the rest retain their licenses as inactive members. To practice law in California, applicants must pass the California Bar Examination and pay their annual membership fees to the State Bar of California. California was one of the first states to unify its bar (1927). A unified, or integrated bar, means simply that membership is mandatory for all attorneys who are licensed to practice law in the state. More than half of the states in the country have unified bars. Created by the state legislature in 1927, the State Bar is a public corporation within the judicial branch of government, serving as an arm of the California Supreme Court. All State Bar members are officers of the court. Nearly a quarter of the state's attorneys are over the age of 55 —— up 10 percent from 10 years ago. The number of lawyers under 35 remained about the same, at 24 percent. In 1991, attorneys in California were overwhelmingly white (91 percent) and male (74 percent). Today, 83 percent are white and 68 percent

male. Minority attorneys make up 17 percent of the lawyer population, compared to 53.7 percent of the state's population in 2000.

10. The State Bar is governed by a 23-member Board of Governors. Fifteen are lawyers elected by members of the State Bar. A 16th lawyer is elected by the California Young Lawyers Association (CYLA) Board of Directors. Since 1977, six "public" or non-lawyer members were appointed to the Board of Governors – four by California's governor, one by the state Senate Committee on Rules and one by the Speaker of the Assembly. The 23rd member of the Board of Governors is the State Bar president, who is elected by the other board members to serve a fourth year as the bar's chief officer.

11. The State Bar Journal is the official for profit publication of the California State Bar.

12. **Laurence F. Haines,** an active licensed attorney of the State Bar of California.

13. DOES 1-10, inclusive: At all times relevant hereto, defendants "DOES" 1-10 were employed by said defendants. At all relevant times they were acting in such capacity as the agent, servant, and employee of Defendants. They are being sued as individuals and in their official capacity. At all times relevant hereof and in all their actions described herein, defendant DOES 1-10, were acting under color of law and pursuant to their authority as state personnel. When Plaintiff becomes

aware of the true names of these individuals he will seek to amend his pleading to include defendants by their true names.

PLAINTIFF:

14.  Plaintiff, FELIX TORRES, JR. is a former Latino attorney licensed in California; currently his license to practice law is classified as 'DISBARRED" excepting in accordance with Business & Professions Code 6133 and California Rules of Professional Responsibility 1-311.

15. Plaintiff resides in Santa Cruz, California and has been since September 2007 and is currently in Orange County conducting civil discovery in Torres v Laguna Niguel et al. in the Central District of the US Federal Court **CASE NO. SACV 07-736-GW (JWJ)** .

## FACTS OF THE CASE

16.  On or after January 20, 2008 defendants caused to be public on its web site the following;

ATTORNEY SEARCH

# Felix Torres Jr - #135480

## *Current Status: Disbarred*

**This member is prohibited from practicing law in California by order of the California Supreme Court.**

See below for more details.

FIRST AMENDED COMPLAINT FOR PROSPECTIVE RELIEF 6

**NOTE:** *The State Bar Court began posting public discipline <u>documents</u> online in 2005. The format and pagination of documents posted on this site may vary from the originals in the case file as a result of their translation from the original format into Word and PDF. Copies of additional related documents in a case are <u>available upon request</u>. Only <u>Opinions designated for publication</u> in the <u>State Bar Court Reporter</u> may be cited or relied on as precedent in State Bar Court proceedings.*

| Effective Date | Case Number | Description |
|---|---|---|
| 1/19/2008 | 03-O-04964 | Decision [PDF] [WORD] |

## *California Bar Journal Discipline Summaries*

*Summaries from the California Bar Journal are based on discipline orders but are not the official records. Not all discipline actions have associated CBJ summaries. Copies of official attorney discipline records are <u>available upon request</u>.*

**September 14, 2000**

At which time the Web site publishes a summary of the reasons for Plaintiff's

Suspension in 2000.

17. The 1/19/2008 decision either in pdf/word format provides the following

admission  and omissions which were part of the record in the proceedings and

which the defendants are accused together of libel based on false and misleading

Internet statements imputing dishonesty, fraud, improper professional conduct, and

criminal activity to plaintiff.

SOME EXAMPLES:

18.  The hearing judge (McELROY) starts off by stating that in this consolidated

disciplinary proceeding, respondent Felix Torres, Jr. is charged with violating three

of the condition of probation imposed on him in the Supreme Court's August 16,

2000 order in *In the Matter of Torres Jr., Felix, on Discipline*; case number

FIRST AMENDED COMPLAINT FOR PROSPECTIVE RELIEF 7

S088290 (State Bar Court case number 96-O-04035) (hereafter *Torres* I) and with engaging in the unauthorized practice of law and acts involving moral turpitude.

For the reasons set forth *post*, the court finds respondent culpable of deliberately violating one of the probation conditions imposed on him in *Torres* I and of deliberately engaging in the unauthorized practice of law and acts of moral turpitude i.e. failed to file one year of quarterly boiler plated reports to the Bar and by referring to himself as "an attorney" he was practicing law without a license.

19. McELROY failed to mention that substantial compliance in filing reports for four years out of five showed compliance per case law in state bar proceedings and that referring to himself as an attorney to state bar representatives such as her (who knew Plaintiff was suspended) was nothing more than a pretense to disbar Plaintiff.

20. McELROY goes on to say that the procedural history in that proceeding is extensive. Yet not mentioning the fourteen law suits by Plaintiff against the bar and there subsequent appeals e.g. one against McELROY herself by Plaintiff over a period of four years.

21. McELROY states under key procedural history that the court i.e. MCELROY, imposed sanctions (i.e. Plaintiff was forbidden to provide a defense to the disciplinary charges) on respondent (Plaintiff) for failing to appear for his court-ordered deposition. McELROY fails to mention that Plaintiff had requested ADA reasonable accommodations as to the deposition which was denied by McELROY.

FIRST AMENDED COMPLAINT FOR PROSPECTIVE RELIEF 8

22. McELROY goes on to state the history of an appeal to the REVIEW department of the STATE BAR COURT by the Office of Chief Trial Counsel, requesting that MCELROY default Plaintiff for not appearing at his deposition.

23. McELROY fails to mention that the two review hearing judges REMEKE and STOVITZ (who came out of retirement to hear the appeal) were former defendants in several of Plaintiff previous federal civil rights suits against the State Bar Court.

24. The year long appeal resulted in REMEKE and STOVITZ ordering a default which MCELROY refused to enforce. OCTC appealed MCELROY's refusal and REMKE denied the OCTC appeal (reading between the lines the message was clear default the SO, if not wait till we get the case if it's short of disbarment.

25. MCLEROY fails to mention in her "Order" that Plaintiff since 2003 has been an active litigator against the Bar and herself and that his BLOG SITE www.myspace.com/calbarblog known to all at the Bar is nothing more than Plaintiff attempt to dishonor the Bar and its "esteem" judges (and its federal supporters) and defames the "even handed" disciplinary system within the Bar.

26. MCLEROY fails to mention that the Bar initialed the proceeding (filed the complaint) and not any member of the public, state or federal judicial officers.

27. MCLEROY fails to mention that Plaintiff refers to her at his blog site in "Don Imus terms" and refers to REMEKE and STOVIZ in similar terms.

FIRST AMENDED COMPLAINT FOR PROSPECTIVE RELIEF 9

28. This DISBARMENT proceeding was years in the making as punishment against an individual who does not bow down and kiss the ring finger of the bar but instead with in the metes and bounds of the law exercises his legal rights.

29. Since approximately October 2007, Plaintiff has been positing on Craigslist.com his services as a paralegal/or attorney in accordance with Rule of Professional Responsibility 1-311 and California Civil Code 6133 in Northern and Southern California.

30. As a direct effect of the defendant BAR'S January 2008 posting, defendant **Laurence F. Haines,** an active licensed attorney of the State Bar of California, has been deleting the ads and emailing Plaintiff with threatening, harassing and vaguer language in response to these legal services ads e.g. (1) "your not retired your disbarred", (2) on two occasions emails re crazy felix title of email with harassing and vaguer language attached i.e. "fuck you", and "fuck you twice".

31. Defendant **Laurence F. Haines,** has and continues to delete these posting even after having been told to stop by Plaintiff.

32. Plaintiff has posted ads inquiries of any person in San Diego County who has any knowledge of defendant **Laurence F. Haines** professional misconduct, only to have defendant **Laurence F. Haines** delete the ads.

33. Plaintiff has filed a complaint with the State Bar of California against defendant **Laurence F. Haines** and defendant State Bar has done nothing to

control defendant **Laurence F. Haines'** behavior. In fact by its conduct the defendant Bar has encourage Haines' unlawful and unprofessional conduct.


### CAUSE OF ACTION ONE
### VIOLATION OF CIVIL RIGHTS
### 42 USC 1983

34.  Plaintiff incorporates Paragraphs 1-33, as set above and incorporates them by reference.

35.  Plaintiff alleges that the current scheme by defendants of (1) publication of false or misleading information as to Plaintiff's disciplinary "record" and (2) the mere fact of publication of information of a non member because of his race and disability is violation of Plaintiff's US Constitutional Rights as mandated in the 1st (freedom of speech i.e. because of Plaintiff's web site) , 5th (nor be deprived of life, liberty, or property, without due process of law i.e. not providing Plaintiff's version of the acts of his disciplinary record casting doubt on the good faith actions of the Bar) , 8th. (prohibition against excessive punishment e.g. in presenting Plaintiff in a false light, defaming, and slandering him) and 14th Amendment (regarding due process and equal protection of laws i.e. not all attorneys' record of discipline are posted on the web only those attorneys of color especially disabled ones).

36. Plaintiff alleges that the defendants are in violation of his Constitutional Rights in violation of USC 1983, as amended in that: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

37. Defendants by gross negligence, recklessness, or deliberate indifference to the rights of plaintiff caused plaintiff to be unlawfully denied due process and equal protections of the laws of the United States and California State Constitution and Statues/Codes without a compelling state interest.

38. As a direct and proximate result of the actions of the defendants as set forth above, plaintiff suffered the deprivation of Constitutional rights, pain, discomfort, disability, mental and emotion anguish and fear.

39. Monetary compensation is not available for the some defendants are immune for damages pursuant to 11TH amendment and immunity doctrines excepting those who are sued in their individual capacities.

40. Thus, plaintiffs request that this court issue a temporary and permanent injunction against the defendants from engaging in the above mention scheme and declare that such acts are unconstitutional.

## CAUSE OF ACTION TWO
## CONSPIRACY TO VIOLATE CIVIL RIGHTS
## 42 USC 1985(3)/1986

41. Plaintiff incorporate paragraphs 1-40 as set out above by reference.

42. Plaintiff alleges that the current scheme of defendants, as outlined above is in violation of Plaintiff's US Constitutional Rights as mandated in the 1st, 5th, 8th and 14th Amendment as outlined above.

43. Plaintiff alleges that the defendants are in violation of Plaintiffs' Constitutional Rights in violation of USC 1985(3), as amended in that: two or more persons of the State or Territory of California conspired, for the purpose of depriving, either directly or indirect any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; in any case of conspiracy set forth in this section, if

one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

44. Plaintiff further alleges that the defendants who, having knowledge of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected or refuses so to do, that such wrongful act be committed, are to be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could  have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action;

45. Defendants by gross negligence, recklessness, or deliberate indifference to the rights of plaintiff caused plaintiff to be unlawfully denied due process and equal protections of the laws of the United States and California State Constitution and Statues/Codes without a compelling state interest.

46. As a direct and proximate result of the actions of the defendants as set forth above, plaintiff and the class suffered the deprivation of Constitutional rights, pain, discomfort, disability, mental and emotion anguish and fear.

47. As a result of the foregoing actions of defendants resulted in a loss of in an amount to be proven at trial. These losses are continuing in nature.

### STATE LAW TORT CLAIMS
### As to Laurence F. Haines

48. Plaintiff incorporates paragraphs 1-47 above as set out in full by reference.

49. Defendant **Laurence F. Haines** by gross negligence, recklessness, or deliberate indifference to the rights of plaintiff caused plaintiff to be subjected to his unlawfully acts e.g. harassment.

50. Plaintiff further alleges that defendant conspiracy designed to destroy [his] reputation and ability to make a living in that defendant Haines is accused of intentional interference with contractual dealings in business employment relationship.

51. As a consequence of the abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

52. As a direct and proximate result of the actions of the defendant **Laurence F. Haines** as set forth above, plaintiff suffered the deprivation of rights, pain, discomfort, disability, mental and emotion anguish and fear.

FIRST AMENDED COMPLAINT FOR PROSPECTIVE RELIEF 15

52.  The acts and conduct hereinbefore alleged constitute prima facie tort, conspiracy tort, negligence, and gross negligence under the laws of the State of California.  This Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE:

1.  Plaintiff requests a jury pursuant to Federal Rules of Civil Procedure 38;

2.  Prospective declaratory relief; e.g. (1) entering a judgment pursuant to 28 USC section 2201 declaring the above actions of defendants, unconstitutional on their face or as applied to plaintiff, as violating the First, Fifth, Eight and Fourteenth Amendments to the Constitution of the United States.

3.  Enter an Order Pursuant to 28 USC section 2202 based on the entry of the declaratory judgment requested in paragraph (2) above, prohibiting defendants from continuing in their conduct.

4.  A temporary and permanent injunction against defendants.

5.  Enter a judgment, in an amount to be proved at trial, in favor of Plaintiff and against individuals acting as state agents in their individual capacities and **Laurence F. Haines** individually;

5.  Compensatory damages in the amount proven at trial as to individual defendants in their individual capacities and **Laurence F. Haines**;

1  6. Punitive damages in the amount proven at trial as to individual defendants in

2  their individual capacities and **Laurence F. Haines**;

3  7. Attorneys Fees pursuant to 42 USC section 1988;

4
5  8. And such other and further relief as the court deems just and proper.

6
7  DATED:   April 14, 2008

8

9  _____

10  FELIX TORRES, JR.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

FIRST AMENDED COMPLAINT FOR PROSPECTIVE RELIEF 17